David R. Paoli
Heather M. Latino
John A. Kutzman
**Paoli, Latino & Kutzman P.C.**
257 West Front St., Suite A
P.O. Box 8131
Missoula, MT 59802
(406) 542-3330

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA, MISSOULA DIVISION

| | |
|---|---|
| SUNNY BARTELL<br><br>    Plaintiff,<br><br>vs.<br><br>MISSOULA COUNTY, MISSOULA COUNTY SHERIFF'S DEPARTMENT, MISSOULA COUNTY DETENTION FACILITY, SERGEANT  JASON SORINI, SHERIFF McMEEKIN, and DOES A-Z<br><br>    Defendants. | Cause No.: CV-08-69-M-JCL<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Sunny Bartell, and brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, and state law, for violation of Plaintiff's federal and state constitutional, statutory, and common law rights. For her complaint against the Defendants, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over this civil action because some of the claims arise under the Constitution and laws of the United States.  The Court likewise has jurisdiction under 28 U.S.C.  § 1343 as Plaintiff seeks redress for the deprivation (under color of state law, statute, ordinance, regulation, custom, or usage) of her rights, privileges, and immunities secured by the Constitution of the United States and/or Acts of Congress.

2.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims as they are so related to the claims in the action within the original jurisdiction that they form part of the same case or controversy.

3.      Because these claims are not alleged against the State of Montana, the Plaintiff is not required to file administrative claims prior to filing this action.  § 2-9-301 MCA; *Stratemeyer v. Lincoln County,* 915 P.2d 175, 179 (Mont. 1996).  As of the date of filing this complaint Plaintiff has presented to and filed with the clerk or secretary of Missoula County, a political subdivision, a true and correct copy of this complaint pursuant to § 2-9-301(3) MCA.

4.      Venue is proper in the United States District Court for the District of

Montana, Missoula Division, because all of the acts and omissions alleged

herein occurred within the District of Montana, more specifically Missoula

County, Montana, and one or more of the Defendants reside in the same.

## PARTIES

5.      Plaintiff Sunny Bartell was at all times relevant hereto, a citizen of

the United States and resident of Missoula, Missoula County, Montana.

6.      Defendant Missoula County (hereinafter "County") is a political

subdivision organized and existing under the laws of the State of Montana.

7.      Defendant Missoula County Sheriff's Department (hereinafter

"Sheriff's Department") is a law enforcement agency of Missoula County.

8.      Defendant Missoula County Detention Facility is an agency of

Missoula County.

9.      Defendant Missoula County Sheriff McMeekin is believed to have

been, at all times relevant hereto, a resident of the State of Montana and duly

elected and acting Sheriff of the Missoula County Sheriff's Department.

10.     Defendant Missoula County Sheriff's Sergeant Jason Sorini is

believed to have been, at all times relevant hereto, a resident of the State of

Montana and a duly appointed and acting peace officer of the Missoula

County Sheriff's Department.

11.      The true names and capacities of the Defendants named herein as Does A-Z, inclusive, are unknown to Plaintiff.  Plaintiff therefore brings this action against said Defendants by such fictitious names.  Plaintiff will seek leave to amend this Complaint and Jury Demand to state the true names and capacities of Does A-Z when the same have been ascertained, together with further appropriate charging allegations.  Plaintiff is informed and believes, and thereon alleges that each of the fictitiously named Defendants may be legally responsible in some manner for the occurrences alleged herein, and that Plaintiff's damages as herein alleged may have been proximately caused by said Defendants' unlawful acts or omissions.  Defendants Does A-Z, inclusive, are natural persons, peace officers, corporations, partnerships, joint ventures, government entities, political subdivisions, or other legal entities that may be legally liable for Plaintiff's injuries and damages hereinafter alleged.

12.      Each and every act, error and/or omission attributable to the individual Defendants herein was committed within the scope of their duties of employment with the Missoula County Sheriff's Department.  Each and every act, error and/or omission attributable to the individual Defendants is thus imputable to the Missoula County Sheriff's Department.  Each political subdivision herein is legally responsible to provide indemnification to the

individual Defendants, and to pay all damages awarded herein, including punitive damages, in accordance with § 2-9-305, MCA.

### General Allegations

13.     Plaintiff hereby incorporates paragraphs 1-12 set forth above.

14.     On July 1, 2006, Plaintiff was arrested for disorderly conduct after employees of St. Patrick Hospital called the police on the evening of July 1, 2006.

15.     Plaintiff has mental health conditions and is of borderline intellectual functioning.

16.     Plaintiff was brought to the Missoula County Detention Facility at approximately 8:00 p.m. on July 1, 2006.

17.     Upon arrival, officers from the Missoula County Detention Facility strapped Plaintiff into a restraint chair.

18.     Plaintiff remained in the restraint chair for over two hours.

19.     Plaintiff was escorted to a cell, released from the restraint chair and she fell asleep.

20.     At approximately 2:45 a.m. on July 2, 2006, Plaintiff awoke and began screaming for her father.

21.     Defendant Sorini and five other Missoula County Detention Facility officers responded to Plaintiff's cell.

22.      Defendant Sorini was the senior ranking officer responding.
Defendant Sorini assumed command of the situation.

23.      Before arriving at Plaintiff's cell, Defendant Sorini retrieved a
Pepper-ball deployment system (a pepper-ball gun).

24.      Defendant Sorini also told another officer to retrieve a video
camera to record the incident.

25.      Upon arrival at Plaintiff's cell, Defendant Sorini observed Plaintiff
standing on her desk.  He ordered her down to get down.  Another officer
ordered Plaintiff off the desk and she complied.

26.      Defendant Sorini ordered the food hatch opened and placed the
barrel of the pepper-ball gun through the opening aiming it at Plaintiff.

27.      Defendant Sorini shouted further orders at Plaintiff and she
screamed.

28.      Defendant Sorini told Plaintiff that if she did not follow his
command that force would be used to gain compliance and he then fired
approximately six rounds directly at Plaintiff.

29.      Two rounds struck Plaintiff in the abdominal area on the left side,
one round bounced off her, failing to break.  A fourth round hit her in the left
forearm as she was raising her arm to protect herself.  Finally, two more

rounds struck her on the left side of her "flank" as Plaintiff attempted to turn away to protect herself.

30.      After Defendant Sorini shot Plaintiff six times with the pepper-ball gun, she was dazed and sitting on her bunk.

31.      Defendant Sorini shifted his aim and attempted to deploy another shot from the pepper-ball gun but the gun failed to fire.  He shook the gun and then shot two more rounds at the wall next to Plaintiff, saturating the area with pepper-ball powder.

32.      Plaintiff began to cough and complain of pain.  She was restrained and was not given timely medical care or decontamination.

33.      Plaintiff was placed into a restraint chair for approximately fifteen minutes before she was examined by a nurse and approximately forty-five minutes passed before she was decontaminated.

## COUNT I

## (42 U.S.C. § 1983)

34.      Plaintiff hereby incorporates paragraph 1-33 set forth above.

35.      At all times in which they interacted with Plaintiff on July 2, 2006, Defendants were acting under color of state law.

36.      At all times in which they interacted with Plaintiff on July 2, 2006, Defendants were acting within the course and scope of their employment.

37.     Missoula County, Missoula County Sheriff's Department and Missoula County Detention Facility and its officers unlawfully restrained and used excessive force when dealing with Plaintiff as described above in violation of her obvious statutory and constitutional rights.

38.     Defendants acted with deliberate indifference to Plaintiff's medical and psychological needs in violation of her rights under the Eighth Amendment, rights of which a reasonable person would have been aware.

39.     Missoula County Sheriff Mike McMeekin personally participated in the deprivation of Plaintiff's constitutional rights by enacting or ratifying policies that permitted her injuries to occur, and by failing to properly train, supervise, retain, and/or control the law enforcement personnel who injured Plaintiff.  Furthermore, McMeekin later ratified the wrongful conduct of his personnel.

40.     McMeekin knew or should have known that Plaintiff's constitutional rights were being violated by the conduct of the personnel he supervised.

41.     Defendant McMeekin failed to properly investigate and punish prior constitutional deprivations, which encouraged a culture in his department of excessive use of force and deliberate indifference to the medical needs of inmates and arrestees.

42.	The wrongful acts of all Defendants were set in motion by McMeekin, and his acts or omissions caused and/or contributed to the deprivation of Plaintiff's statutory and constitutional rights, rights of which reasonable persons should have been aware.

43.	Defendants Missoula County, Missoula County Sheriff's Department and Missoula County Detention Facility established policies that caused the violation of Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

44.	The Defendants committed the unlawful acts and constitutional deprivations pursuant to policy statements, ordinances, regulations, customs, standard operating procedures, or official decisions adopted and or promulgated by the officers and officials of Missoula County, Missoula County Sheriff's Department and Missoula County Detention Facility.

45.	It is the policy, practice, and/or custom of Missoula County, Missoula County Sheriff's Department and Missoula County Detention Facility to negligently hire, employ, and retain law enforcement officers.  The negligent hiring, employment, and retention amounted to indifference to the rights of persons with whom law enforcement officers under their employ would come into contact, including Plaintiff.

46.     Defendants Missoula County, Missoula County Sheriff's Department and Missoula County Detention Facility were deliberately indifferent to and acted in conscious disregard for the need to train, supervise, and discipline law enforcement officers employed by them with respect to responding to crisis situations involving suicidal persons or mental health concerns; the use of force; responding to medical needs; and investigating the misconduct of law enforcement officers.

47.     The policies adopted by these defendants regarding training, supervision, and discipline amounted to deliberate indifference to Plaintiff's constitutional rights.

48.     The individuals who violated Plaintiff's statutory and constitutional rights were officials with final policy-making authority.  Thus, the constitutional violations were acts of official governmental policies.

49.     Through their policies, ordinances, regulations, customs, or official decisions, Defendants Missoula County, Missoula County Sheriff's Department and Missoula County Detention Facility endorsed law enforcement officers' unlawful use of restraints, application of excessive force and deliberate indifference to the serious medical and psychological needs of persons in their custody.

50.     Defendants Missoula County, Missoula County Sheriff's Department and Missoula County Detention Facility employed policies of inaction or acquiescence relative to law enforcement misconduct which amounted to a failure to protect Plaintiff's constitutional rights.  The inaction amounted to deliberate indifference because the connection between the need for more or different training, supervision, and/or discipline and the likely resulting constitutional deprivations was obvious.

51.     Defendant Missoula County, Missoula County Sheriff's Department and Missoula County Detention Facility policies, ordinances, regulations, customs or official decisions were the moving force behind the deprivation of Plaintiff's statutory and constitutional rights.

52.     Each of the foregoing acts and/or omissions (¶¶ 47-51), including the deprivation of liberty and excessive use of force caused and/or contributed to Plaintiff's constitutional deprivations, injuries, and damages. The County and Sheriff's Department are liable for Plaintiff's damages to the extent the injuries were caused by conduct of the institutional Defendants' employees, acting in the course and scope of their employment and/or undertaken in their official capacity.

## COUNT II

## (Violation of Plaintiff's Rights Under the Montana Constitution)

53.     Plaintiff hereby incorporates paragraphs 1-52 set forth above.

54.     Plaintiff has the following fundamental, inalienable rights under Montana's Constitution: the right to enjoy and defend life and liberties and seek safety, health and happiness in all lawful ways (Article II, Section 3); the right to human dignity (Article II, Section 4); the right to individual privacy (Article II, Section 10); the right to be secure in her person, papers, home and effects and free from unreasonable searches and seizures (Article II, Section 11); the right not to be deprived of life, liberty or property without due process of law (Article II, Section 17); and the right to be free from cruel and unusual punishment (Article II, Section 22).

55.     Defendants' acts and omissions on, and leading up to, July 2, 2006, violated Plaintiff's aforementioned constitutional rights. Defendants Missoula County, Missoula County Sheriff's Department and Missoula County Detention Facility are liable for Plaintiff's damages resulting from the constitutional violations occasioned by the wrongful conduct of the entities and their respective employees acting within the course and scope of their employment. Defendants Sorini and McMeekin are liable for Plaintiff's damages resulting from the constitutional violations occasioned by their

wrongful conduct accruing (1) outside the course and scope of employment-related or official duty or (2) in a manner contemplated in § 2-9-305(6), MCA.

56.    Plaintiff has certain unenumerated rights including but not limited to, the right to seek recourse against those who violate Plaintiff's aforementioned constitutional rights (Article II, Section 34); and the right to full legal redress (Article II, Section 16).

57.    As a direct and proximate result of the violation of Plaintiff's constitutional rights under the Montana Constitution, Plaintiff suffered physical and emotional injury resulting in damages described in greater detail below, to which she is entitled to full legal recourse and redress.

## COUNT III

## (Negligence)

58.    Plaintiff hereby incorporates paragraphs 1-57 set forth above.

59.    Defendants owed Plaintiff a duty of safety and care while maintaining the peace and while booking and detaining her at the Missoula County Detention Facility.  In carrying out their functions as law enforcement officers and entities, Defendants were required to preserve Plaintiff's constitutional, statutory, and common law rights.

60.    Defendants violated Plaintiff's constitutional, statutory and common law rights and breached the duties owed as described more

particularly herein. The violations accrued, in part, as a result of Defendants'

negligent use of excessive force; improper use of pepper-ball gun;

withholding of treatment and decontamination; negligent training, supervision,

and discipline; negligent enactment, enforcement, and violation of law

enforcement policies and procedures; violation of Plaintiff's constitutional,

statutory, and common law rights; and negligent performance of official

duties.

61.      Defendants Missoula County, Missoula County Sheriff's

Department and Missoula County Detention Facility are liable for Plaintiff's

damages resulting from the negligence of their respective employees acting

within the course and scope of their employment. Defendants Sorini and

McMeekin are liable for Plaintiff's damages resulting from Defendants'

negligence accruing (1) outside the course and scope of employment-related

or official duty or (2) in a manner contemplated in § 2-9-305(6), MCA.

62.      As a direct and proximate result of Defendants' negligence,

Plaintiff suffered injury to her person resulting in damages described in

greater detail below.

## COUNT IV

### (False Imprisonment)

63.      Plaintiff hereby incorporates paragraphs 1-62 set forth above.

64.      Defendants unlawfully restrained Plaintiff against her will, resulting in the deprivation of Plaintiff's liberty of movement or freedom to remain in the place of her lawful choice and restricted her ability to treat or otherwise attend to her contaminated and injured person.

65.      Defendants County and Sheriff's Department are liable for Plaintiff's damages resulting from the unlawful restraint occasioned by their respective employees acting within the course and scope of their employment.

66.      Defendants Sorini and McMeekin are liable for Plaintiff's damages resulting from the unlawful restraint accruing (1) outside the course and scope of employment-related or official duty or (2) in a manner contemplated in § 2-9-305(6), MCA.

67.      As a direct and proximate result of her false imprisonment, Plaintiff suffered injury to her person resulting in damages described in greater detail below.

## COUNT V

## (Assault and Battery)

68.      Plaintiff hereby incorporates paragraphs 1-67 as set forth above.

69.      Defendant Sorini intentionally made harmful or offensive contact with Plaintiff's person and acted in a manner that caused her imminent

apprehension of such contact. Defendant's use of force exceeded that reasonably necessary for the situation.

70.      Defendant's intentional acts constituted assault and battery upon Plaintiff and caused her to suffer physical and emotional injury.

71.      Missoula County, Missoula County Sheriff's Department and Missoula County Detention Facility are liable for Plaintiff's damages resulting from the harmful or offensive contact with Plaintiff's person, and/or apprehension of such contact, occasioned by their respective employees acting within the course and scope of their employment. Defendants Sorini and McMeekin are liable for Plaintiff's damages resulting from the harmful or offensive contact with Plaintiff's person and/or apprehension of such contact, accruing (1) outside the course and scope of employment-related or official duty or (2) in a manner contemplated in § 2-9-305(6), MCA.

## COUNT VI

## (Negligent Infliction of Emotional Distress)

72.      Plaintiff hereby incorporates paragraphs 1-71 set forth above.

73.      The negligent acts and omissions of Defendants caused serious or severe emotional distress to Plaintiff. Plaintiff's serious and severe emotional distress was a reasonably foreseeable consequence of Defendants' acts and omissions.

74.     Defendants Missoula County, Missoula County Sheriff's Department and Missoula County Detention Facility are liable for Plaintiff's damages resulting from the serious or severe emotional distress occasioned by their respective employees acting within the course and scope of their employment.  Defendants Sorini and McMeekin are liable for Plaintiff's damages resulting from the serious or severe emotional distress accruing (1) outside the course and scope of employment-related or official duty or (2) in a manner contemplated in § 2-9-305(6), MCA.

75.     As a direct and proximate result of Defendants' negligent acts and omissions, Plaintiff suffered damages on account of her serious or severe emotional distress.

## COUNT VII

### (Intentional Infliction of Emotional Distress)

76.     Plaintiff hereby incorporates paragraphs 1-75 set forth above.

77.     The intentional acts and omissions of Defendants caused serious or severe emotional distress to Plaintiff.  Plaintiff's serious and severe emotional distress was a reasonably foreseeable consequence of Defendants' acts and omissions.

78.     Defendants Missoula County, Missoula County Sheriff's Department and Missoula County Detention Facility are liable for Plaintiff's

damages resulting from the serious or severe emotional distress occasioned by their respective employees acting within the course and scope of their employment.  Defendants Sorini and McMeekin are liable for Plaintiff's damages resulting from the serious or severe emotional distress accruing (1) outside the course and scope of employment-related or official duty or (2) in a manner contemplated in § 2-9-305(6), MCA.

79.      As a direct and proximate result of Defendants' intentional acts and omissions, Plaintiff suffered damages on account of her serious or severe emotional distress.

## COUNT VIII

## (Malicious Acts or Omissions)

80.      Plaintiff hereby incorporates paragraphs 1-79 set forth above.

81.      Plaintiff's damages as herein alleged were caused by Defendants' malicious acts or omissions.

82.      Defendants knew of facts or intentionally disregarded facts that created a high probability of injury to Plaintiff.  Defendants deliberately proceeded to act with indifference to the high probability of injury to Plaintiff.

83.      As a direct and proximate result of Defendants' intentional and malicious acts or omissions, Plaintiff suffered damages as described in greater detail below.

## COUNT IX

## (CONSPIRACY UNDER 42 U.S.C. § 1985(2))

84.     Plaintiff hereby incorporates paragraphs 1-83 set forth above.

85.     Defendants are persons as that term is used in 42 U.S.C.

§1985(2).

86.     Under color of state law, these Defendants conspired and entered

into express and/or implied agreements, understandings, or meetings of the

minds among themselves for the purpose of impeding, hindering, obstructing

and defeating the due course of justice in the State of Montana, with the

intent to deny Plaintiff the equal protection of the laws.

87.      The actions of Defendants evidenced a reckless and callous

disregard for, and deliberate indifference to, Plaintiff's constitutional rights.

88.     As a direct and foreseeable consequence of this conspiracy,

Plaintiff was deprived of her constitutional rights under the Fourth, Fifth and

Fourteenth Amendments to the United States Constitution.

89.     As a direct and foreseeable consequence of these deprivations,

Plaintiff has suffered physical harm, emotional trauma, loss of liberty, and

loss of privacy.

## COUNT X

## (ACTING IN CONCERT)

90.     Plaintiff hereby incorporates paragraphs 1-89 set forth above.

91.     At all times pertinent to this claim, Defendants committed tortious acts, in concert with one another, in violation of Plaintiff's constitutional, statutory, and common law rights.

92.     The Defendants, acting in concert, joined together to violate Plaintiff's constitutional, statutory, and common law rights and encouraged the violations by participating therein, thus further aiding and abetting such tortious acts.

93.     Defendants knew that the other participants' actions breached duties owed to Plaintiff and violated her constitutional, statutory and common law rights.  Despite this knowledge, Defendants continued to offer substantial assistance or encouragement to the other participating tortfeasors.

94.     As a direct and proximate result of Defendants' concerted acts, Plaintiff suffered damages in an amount to be determined at the trial of this action.

95.     Defendants are jointly and severally liable for Plaintiff's injuries.

## COMPENSATORY DAMAGES

96.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered violation of her constitutional rights as set forth herein.

97.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered physical and mental pain and injuries, an exacerbation of her mental health conditions, incurred medical bills, and may incur future medical expenses.

98.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered serious or severe emotional distress.

99.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered a loss of her established course of life.

## PUNITIVE DAMAGES

100.     At all times pertinent hereto: (1) Defendants exhibited a reckless or callous disregard for Plaintiff's constitutional, statutory, and common law rights, (2) Defendants intentionally violated federal law, and/or (3) Defendants' conduct was precipitated by evil motive or intent.  Accordingly, imposition of punitive damages is proper and warranted under 42 U.S.C. § 1983.

101.     Defendants' unlawful acts and omissions were willful and/or reckless.  Defendants deliberately proceeded to act with indifference to the

high probability of injury.  Such conduct justifies imposition of punitive

damages, under §§27-1-220 and -221, MCA, in a sufficient amount to punish

Defendants and serve as a warning to other persons and legal entities

similarly situated that conduct of the kind engaged in by these Defendants is

unacceptable in our society and will not be tolerated.

## ATTORNEYS' FEES

102.      42 U.S.C. § 1988 provided that "[i]n any action or proceeding to

enforce a provision of [§ 1983]…the court, in its discretion, may allow the

prevailing party, other than the United States, a reasonable attorney's fee as

part of the costs…". Plaintiff has brought this cause of action, in part, under

42 U.S.C. § 1983.  Accordingly, Plaintiff may recover attorney fees incurred

in prosecuting this cause of action pursuant to 42 U.S.C. § 1988.

103.      Under Montana law, Plaintiff may recover attorney fees incurred

herein pursuant to the private attorney general doctrine as (1) Plaintiff seeks

to vindicate strong and socially important public policy, (2) Plaintiff will incur

substantial burden given the necessity for private enforcement of this action,

and (3) a large volume of people stand to benefit from Plaintiff's efforts.  See

*Montanans for Responsible Use of School Trust v. State ex rel. Bd. Of land*

*Comm'rs*, 1999 MT 263, 296 Mont. 402, 989 P.2d 800.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against the Defendants as follows:

1.      Damages in a reasonable amount to fully compensate Plaintiff for deprivation of constitutional rights;

2.      Damages in a reasonable amount to fully compensate Plaintiff for any past and future medical expenses;

3.      Damages in a reasonable amount to fully compensate Plaintiff for past and future physical and mental pain and suffering;

4.      Damages in a reasonable amount to fully compensate Plaintiff for past and future emotional distress;

5.      Damages in a reasonable amount to fully compensate Plaintiff for the loss of her established course and way of life;

6.      Punitive damages in a sufficient manner to punish Defendants and serve as a warning to other similarly situated persons and entities that such conduct will not be tolerated.

7.      Attorney fees pursuant to 42 U.S.C. § 1988;

8.      Attorney fees pursuant to the private attorney general doctrine;

9.      Plaintiffs' costs, and disbursements incurred herein; and

10.    Such other and further relief as the Court deems just and proper.


DATED this 21st day of May, 2008.


PAOLI, LATINO & KUTZMAN

By: _____
    Heather M. Latino
    257 West Front Street
    Suite A
    P.O. Box 8131
    Missoula, MT 59802